THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FELIPE CEDEÑO, Defendant and Appellant.

No. CR-67-6.      Decided October 27, 1967.

*Julio I. Rodríguez Torres* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda Escudero, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was convicted of a violation of the Bolita Act, 33 L.P.R.A. § 1250. On appeal he assigns two errors. The first embraces two questions. One, that he was accused of carrying, transporting and having in his possession material which could be·used and was being used in the unlawful game of bolita, while the evidence revealed the sale of bolita. The other question appellant included in the first assignment attacks the sufficiency of the evidence. In the second error assigned he makes the already stereotyped allegation that the evidence is stereotyped. This, naturally, is another way of attacking the sufficiency of the evidence.

■  The first question aforementioned—the one referring to the information—lacks merit. Under the Act it is an offense to carry or transport or for a person to have in his possession the aforesaid bolita material as well as to sell bolita. 33 L.P.R.A. § 1250. The evidence showed that the defendant carried and had in his.possession said bolita material and that he also sold bolita. The fact that two offenses are committed or an act is violated by means of two different modalities and that a person is accused of only

one offense or of one of the modalities comprised in the act, does not invalidate the information. It has been said that no one shall have a right to be arrested, and certainly no one shall have a right to be accused either.

■ As to the second error—the sufficiency of the evidence—there is no merit either. See, for example, the following fragment of the evidence for the prosecution. The prosecuting attorney examines and the peace officer answers.

"Are you acquainted with Felipe Cedeño?

Yes, sir.

Do you remember having seen him on that same date, June 27, 1964?

Yes, sir.

Where?

I saw him in the Market Place of Yauco, Puerto Rico.

On what occasion?

When I was engaged in a confidential matter as undercover agent; about nine o'clock in the morning, of June 27, 1964, I saw that this gentleman had in his possession a notebook; said notebook contained a paper list of three-digit figures, dash and numbers at the right. I bought from him bolita number 814, for thirty cents, for a two hundred dollar prize.

What number did you buy?

Eight-fourteen (814).

For thirty cents?

Yes, sir.

For what prize?

Of two hundred dollars.

Did he give you any evidence as proof of the number you were playing for the Bolita?

After I paid him the thirty cents and the gentleman checked in his list of numbers, he handed me a white paper.

With what?

With the number eight-fourteen (814).

Your Honor, we have shown our colleague the evidence we are going to . . . Look and see what is this?

This is the piece of ruled, white paper with the number eight-fourteen (814), with a line under it and the number 200 under the line.

What does it have on the other side?

It has my initials 'H.Q.T.'; the date of the transaction and the badge number.

This person with whom you made the transaction . . . that day, do you see him anywhere today?

Yes, sir.

Could you point him out?

Yes, sir.

For the purpose of the record he identifies the defendant, Your Honor.

Did you say that besides this paper, the defendant had something else?

A paper list with three-digit figures and numbers to the right." (T.E. 4-6.)

In relation to the argument that the evidence is stereotyped, in addition to concluding that in this case it was not, it is convenient to explain that the possession and/or selling of bolita material cannot be done in an infinite number of ways. It is carried and possessed or it is not carried and possessed. Bolita is sold or it is not sold. It is obvious that because it involves an unlawful traffic, the seller of bolita cannot celebrate public bingo games, nor picnics or dances, nor television contests and other activities used currently nowadays for the selling of lawful tickets. Because of the fact that the seller of bolita takes the money and jots down the number—the usual way of making this unlawful transaction—it is not necessary to conclude that the evidence is insufficient because it is stereotyped. We shall decide each case by its merits.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Belaval did not participate herein. Mr. Justice Blanco Lugo and Mr. Justice Dávila concur in the result.